# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HUNG TRAN and TRANG PHAM,**

      **Plaintiffs,**

v.                                                                              Case No: 6:23-cv-1528-RBD-DCI

**HIEN TRAN, DOAN NGUYEN and PARIS BANH MI AND COMPANY,**

      **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Motion for Miscellaneous Relief, Specifically to Permit Late Disclosed Expert Report and Testimony; and Plaintiff's Request for Oral Argument (Docs. 44, 45)** |
| **FILED:** | **September 24, 2024** |
| **MOTION:** | **Defendants' Opposition, and Request for Monetary Sanctions to Plaintiffs' Motion to Permit Late Disclosed Expert Report and Testimony; And Defendants' Concurrent Motion to Bar Expert Disclosure and Expert Report at Trial, and Request for Monetary Sanctions (Doc. 49)** |
| **FILED:** | **October 8, 2024** |

**THEREON** it is **ORDERED** that the motions and the request are **DENIED**.

## I.    Introduction

On November 28, 2023, the Court entered the Case Management Scheduling Order (CMSO) and set September 3, 2024 as the deadline for Plaintiffs to serve on Defendants their

expert witness disclosure and report. Doc. 29. After 4:00 p.m. on the date of the deadline, Plaintiffs filed a motion seeking a 45-day extension of the expert disclosure deadline. Doc 42. The Court denied Plaintiffs' motion because Plaintiffs failed to abide by the Local Rules and failed to show good cause for the extension. Doc. 43. Now, Plaintiffs "seek the Court's permission to permit the late disclosure of their expert, Carl Fedde, along with the expert's report and testimony at trial." Doc. 44 at 2 (the Motion). Plaintiffs have also requested an oral argument on this matter. Doc. 45 (the Request). Defendants timely filed their response to the Motion, but "concurrent[ly]" seek other relief from this Court. Doc. 49 (the Motion to Bar Plaintiffs' Expert).

For the reasons provided below, the undersigned recommends the Court deny the Motion, the Request, and the Motion to Bar Plaintiffs' Expert.[1]

## II. Plaintiffs' Motion is Denied to the Extent it Seeks Reconsideration

Plaintiffs effectively seek reconsideration of the Court's prior Order, but Plaintiffs failed to address either the standard for reconsideration or make arguments in support of reconsideration. Courts in this District have identified three grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon, & Nielson, P.A.,* 153 F.R.D. 689, 694 (M.D. Fla. 1994). The Court will not reconsider a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Assn., Inc.*, No. 6:11-CV-1637-ORL-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.,* 763 F.2d 1237, 1239 (11th Cir.1985)). A party may not use motions for reconsideration "to raise arguments, which could and should have been made earlier." *Id.* (quoting *Lussier v. Dugger,* 904 F.2d 661, 667

---

[1] The Court finds that oral argument would not be beneficial in the resolution of the Motion.

(11th Cir.1990)). Here, Plaintiffs failed to articulate any of the foregoing bases for reconsideration of the September 16, 2024 Order – Plaintiffs identified no intervening change in the law, new evidence, or need to correct clear error or manifest injustice. Nor did Plaintiffs object to the undersigned's order pursuant to Federal Rule of Civil Procedure 72. Instead, Plaintiffs simply filed another motion essentially requesting the same relief. But Plaintiffs may not simply try again after filing an unsuccessful motion.

The Motion also fails because Plaintiffs, by focusing on whether this Court should impose sanctions or permit the late disclosure of evidence, did not address or apply the correct legal standard. Contrary to Plaintiffs' view that "precluding Plaintiffs' expert would be an egregious sanction" (Doc. 44 at 5), the Court did not preclude Plaintiffs' expert as a Rule 37 sanction. As explained in the prior Order, Plaintiffs failed to make a disclosure in compliance with the CMSO deadline, and the Court simply denied the request to extend that deadline. Therefore, Plaintiffs should have addressed the Rule 16 "good cause" standard, as already explained in the Court's prior Order:

> Plaintiffs were not diligent. Rule 16(b)(4) provides that a case management and scheduling order "may be modified only for good cause and with the judge's consent." "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (internal quotation marks omitted). The CMSO also warns that an extension will not be granted absent a showing of good cause. Doc. 29 at 9. Notably, the Court emphasizes that a showing of good cause "requires **diligence**." *Id.* (emphasis in original). Here, Plaintiffs have not established good cause. Plaintiffs provide no explanation as to why they waited until the day of the deadline to request the extension. To be sure, Plaintiffs were made aware of the September 3, 2024 deadline in November of 2023—if Plaintiffs had concerns about their ability to meet this deadline they could have filed a request for an extension at any point before the end of the day on September 3, 2024.

Doc. 43. Plaintiffs' Motion bears the same defect as its first Motion for Extension of Time: a failure to show good cause for not complying with the CMSO. Thus, the Motion is again denied to the extent it requests an extension of the CMSO deadline.

### III. Even Under the Rule 26 and Rule 37 Standards, Plaintiffs' Motion Fails

Given the Court's Rule 16 determination, Plaintiffs have failed to meet their burden under Rule 37 to substantially justify or prove the harmlessness of their untimely disclosure.

#### A. Legal Standard

Federal Rule of Civil Procedure 26(a)(2) requires a party to "disclose to the other parties the identity of any witnesses it may use at trial to present evidence," and to provide "a written report" if the witness will provide expert testimony. Fed. R. Civ. P. 26(a)(2)(A)-(B). Compliance with this rule enables "both sides in a case to prepare their cases adequately and to prevent surprise." *Roster v. GeoVera Specialty Ins. Co.*, No. 2:21-CV-806-JLB-KCD, 2023 WL 1824563, at *3 (M.D. Fla. Jan. 3, 2023). Accordingly, parties must do more than merely "aspir[e]" to comply with this rule. *Long v. E. Coast Waffles, Inc.*, 762 F. App'x 869, 870 (11th Cir. 2019). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "This sanction is 'self-executing' in that it may be imposed without the filing of a motion under Rule 37(a)." *Ellingsen v. Hartford Ins. Co. of the Midwest*, 2016 WL 1367223, at

*1 (M.D. Fla. Apr. 6, 2016) (quoting Fed. R. Civ. P. 37(c)(1), Advisory Committee Notes to 1993 Amendment).[2]

In determining whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1), courts are guided by the following factors: (1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250-51 (M.D. Fla. 2012). A party's untimely disclosure may be "substantially justified when a reasonable person would be satisfied that [the] parties could differ as to whether the party was required to comply with the disclosure request." *WM Aviation, LLC v. Cessna Aircraft Co.*, 2013 WL 12392477, at *3 (M.D. Fla. Apr. 12, 2013). An untimely disclosure may be harmless where it does not prejudice the receiving party. *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682-83 (M.D. Fla. 2010). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 825 (11th Cir. 2009).

---

[2] Circuit courts are split regarding whether Rule 37(c) is "self executing," and the Eleventh Circuit has not "squarely decided this question." *Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 603-04 (11th Cir. 2019) (Carnes, J., concurring); *see also Pitts v. HP Pelzer Auto. Sys., Inc.,* 331 F.R.D. 688, 695 (S.D. Ga. 2019) ("District courts within the Eleventh Circuit are also split; not only by district, but within districts."). However, at least two decisions from the Middle District describe the Rule 37(c) sanction as "self-executing." *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010) ("To this end, Rule 37(c)(1) provides a self-executing sanction for untimely expert reports.); *see also Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1251 (M.D. Fla. 2012), *aff'd*, 505 F. App'x 928 (11th Cir. 2013) ("Rule 37 is a self-executing sanction."). Accordingly, this Court adopts the view that the sanction is self-executing.

### B. Discussion

Here, though the Court has issued no order precluding Plaintiffs' expert—whether as a sanction or otherwise—Plaintiffs move to "permit" the late-disclosed expert report. Doc. 44. Ostensibly, Plaintiffs seek to avoid the self-executing sanction of Rule 37(c)(1). The Rule allows two paths to avoid that sanction: establishing substantial justification or harmless. But Plaintiffs made no argument that their untimely disclosure was substantially justified, so the Court treats Plaintiffs' lack of substantial justification as conceded. Doc. 44 at 2, 3. That leaves Plaintiffs' argument that their untimely disclosure was harmless. As will be discussed, this Court finds that Plaintiffs have not met their burden to establish that their untimely disclosure was harmless.

First, none of the cases Plaintiffs cite support the relief Plaintiffs seek. Plaintiffs cite two cases, *Ellingsen* and *Leigh*, in support of the propositions that courts possess "broad discretion" in imposing Rule 37 sanctions and that the "sanction is not mandatory."[3] Doc. 44 at 3. However, the courts in those cases found the untimely disclosure harmless because—unlike here—the disclosing party had disclosed the substance of the expert report at issue prior to the expiration of the relevant deadline. *See Leigh v. Amica Mut. Ins. Co.*, 2019 WL 5080531 (M.D. Fla. Oct. 10, 2019) (finding an untimely disclosure harmless where the evidence supporting a timely expert report "could not be located," but the parties promptly produced evidence conducting the same test, in the same manner, and with the same results); *Ellingsen v. Hartford Ins. Co. of the Midwest*, 2016 WL 1367223 (M.D. Fla. Apr. 6, 2016) (finding untimely disclosure harmless where the disclosing party inadvertently omitted the second page of an expert disclosure form that listed two experts' names, but the disclosing party had already produced these expert reports as exhibits in

---

[3] As explained in footnote 2, this Court treats the Rule 37(c)(1) sanction as self-executing, though a party subject to that sanction may seek relief from it.

other submissions). Plaintiffs also rely heavily on *Lamonica*, but the plaintiff's disclosure in *Lamonica* suffered only from a technical fault. *Lamonica v. Hartford Ins. Co. of the Midwest*, 336 F.R.D. 682, 686 (N.D. Fla. 2020) (finding the untimely disclosure harmless). In *Lamonica,* the plaintiff timely transmitted its expert reports to defendant in response to a request for production, rather than a proper disclosure filing, and defendant acknowledged that it received those expert reports. *Id.*

Plaintiffs also cite to *McKee* for the proposition that "Courts in the Middle District generally do not strike expert disclosures that are tardy, particularly where additional time remains to depose the expert." Doc. 44 at 10 (citing *McKee v. Montiel, et al.*, 2023 WL 4927008, at * 2, (M.D. Fla. Aug 2, 2021). However, *McKee*, and the two Middle District cases to which *McKee* cites, all involve parties missing the disclosure deadline by one day. Indeed, all the cases Plaintiffs rely on have one thing in common: the receiving party had the expert reports before, or one day after, the court-ordered deadline. Courts did not find harm in these cases because the opposing party had time to review the expert reports, develop a rebuttal, and depose the experts prior to the close of discovery. Plaintiffs' delay here is qualitatively different. Indeed, since Plaintiffs filed their first, deficient motion to extend the expert report deadline after 4:00 p.m. on the date of the deadline, several key deadlines have expired, including Plaintiffs' expert disclosure deadline, Defendants' expert disclosure deadline, the rebuttal expert deadline, and the discovery deadline. Doc. 29 at 3-4. Now, the *Daubert* and dispositive motions deadlines are less than one month out, and any further delay attributable to Plaintiffs' expert disclosure would have a cascading effect on the remaining deadlines (including the trial date) and the Court's trial calendar.

Second, the undersigned rejects Plaintiffs' argument that Defendants "can readily ameliorate any surprise allegedly caused by the late disclosure" (Doc. 44 at 9) because it presumes

that this Court will grant Defendants an extension to the CMSO deadlines. The notion that Plaintiffs could submit their expert reports in violation of this Court's order, and that Defendants could then "readily" secure an extension of time signals a disregard for this Court's orders and Defendants' resources. The Court cannot condone such a flagrant disregard of its CMSO, particularly when, as here, the Court put the parties on notice that the Court would "diligently enforce this CMSO." Doc. 29 at 2. Further, through that argument, Plaintiffs improperly shift the "good cause" burden on Defendants; such burden shifting belies any argument that the late disclosure is harmless to Defendants, which will have to show good cause when they seek an extension of time.

Lastly, Plaintiffs urge the Court to "differentiate between 'innocent' mistakes which are truly harmless from intentional acts by a party which are designed to game the system." Doc. 44 at 6. But Plaintiffs have known of the disclosure deadlines for nearly a year, and, at least 45 days prior to the deadline, knew that their expert might need more time to craft a report. Doc. 49 at 9. Yet rather than submit a request for an extension of time then, Plaintiffs waited until the day of the deadline to file a request for an extension. And even that last minute filing, which Plaintiffs describe somewhat disingenuously as having been made "before the deadline's expiration" was legally frivolous, failing to address even the legal standard for the relief requested, let alone a basis for that relief. Doc. 44 at 8. The consideration and denial of that first frivolous request took time, just as the consideration and denial of the instant Motion takes time; and in between the first denial and the filing of the Motion, Plaintiffs finally made their expert disclosure. But during that time, deadlines expired. So, for example, Plaintiffs' assertions that the Court should grant the Motion now because time remains in the discovery period is no longer true. Further, Plaintiffs' assertions concerning the importance of the expert witness are belied by the last-minute nature of the

extension request. Plaintiffs assert that the expert testimony "could not have greater significance" and claim that Plaintiffs "will be precluded from presenting *any* evidence as to their damages." Doc. 44 at 12 (emphasis added). The first claim is conclusory, the second is completely unsupported and borders on the disingenuous. Neither statement meets Plaintiffs' burden here.

While the Court, again, has issued no order precluding Plaintiffs' expert as a sanction under Rule 37 or otherwise, the Court declines to relieve Plaintiffs from the self-executing sanction of Rule 37(c)(1) and affirmatively permit the late-disclosed expert. During the past two months of litigation over Plaintiffs' expert disclosure deadline, several deadlines within the CMSO have expired. And while the Court has considered lesser sanctions under Rule 37, the Court finds that no lesser sanction suffices at this juncture.[4] An order affirmatively permitting Plaintiffs' late-disclosed expert would have a cascading and unpredictable effect on Defendants' ability to litigate this case, the Court's management of this case, and this Court's management of its trial calendar. Plaintiffs have failed to make any persuasive argument to the contrary and, regardless, have not established that their late disclosure was substantially justified or harmless.

---

[4] This Court recognizes that the Eleventh Circuit has not squarely addressed whether a court must consider alternative sanctions *sua sponte*. Nevertheless, the Court has considered lesser sanctions. However, at least one court addressed this issue in a footnote and determined that Rule 37(c) does not permit *sua sponte* consideration of alternative sanctions. *Singletary v. Stops, Inc.*, 2010 WL 3517039, *10 n.7 (M.D. Fla. Sept. 7, 2010) ("Because neither party moved for alternative sanctions and because Rule 37(c)(1) does not authorize the Court to consider alternative sanctions *sua sponte*, the Court will preclude [the witness's] expert opinions...."), *abrogated on other grounds by Cedant v. United States*, 75 F.4th 1314 (11th Cir. 2023).

In conclusion, this Court has considered the five factors guiding this determination and finds that factors four and five—Plaintiffs' reasons for the untimely disclosure and the importance of the evidence to Plaintiffs—do not outweigh the first three factors.[5]

### IV.     Defendants' Motion Fails to Seek Relief in Accordance with Local Rules

In their response to Plaintiffs' motion, Defendants make a request for relief, which the Court construes as a Motion to Bar Plaintiffs' Expert.  But a request for relief in a response to a motion violates Local Rule 3.01(a).  *Rabco Corp. v. Steele Plaza, LLC*, No. 6:16-CV-1858, 2019 WL 5188601, at *18 (M.D. Fla. July 29, 2019), *report and recommendation adopted*, No. 6:16-CV-1858, 2019 WL 5176284 (M.D. Fla. Aug. 13, 2019) ("[I]t is generally inappropriate to request relief in a response to a motion.").  Defendants use their response to request that this Court bar Plaintiffs' expert report and impose sanctions on Plaintiffs.  Doc. 49.  If Defendants seek relief of any kind, they must file a separate motion compliant with the rules governing this court.  Accordingly, the request for relief is denied.

### V.     Conclusion

Accordingly, it **ORDERED** that the Motion (Doc. 44) and the Request (Doc. 45) are **DENIED** and the Motion to Bar Plaintiffs' Expert (Doc. 49) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on November 7, 2024.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[5] Those five factors are: (1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence.  *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250-51 (M.D. Fla. 2012).